79,171-04

IN THE COURT OF CRIMINAL APPEALS
OF THE STATE OF TEXAS
NO _____

REYNALDO FLORES
I.D.C.J. NO 1912036
RELATOR, Plaintiff,

NO. 2012 CR 1969
IN THE 290TH DISTRICT COURT
OF BEXAR CNTY, TEXAS.

VS.

DONNA K. McKINNEY
CHRISTOPHER W. DEMARTINO
MELISA SKINNER OR Supplant Judge
Individually and in her this Official
Capacity,
RESPONDENT, DEFENDANT,

RECEIVED IN
COURT OF CRIMINAL APPEALS

JAN 05 2015

Abel Acosta, Clerk

PLAINTIFF'S ORIGINAL APPLICATION FOR
A WRIT OF MANDAMUS AND PROHIBITION

TO THE HONORABLE CHIEF JUDGE OF THE COURT OF
CRIMINAL APPEALS OF THE STATE OF TEXAS

Plaintiff, REYNALDO FLORES, Political Prisoner
Kidnapped at Gun Point by the defendants in FLORES
V. SAPD ETAL U.S.D.C. NO. 5:13-CV-2.; U.S. Appeal NO.
14-50061 in Certiorari.; And Currently Kidnapped in the
Texas Department of Criminal Justice in retaliation for
the Unexpected Outcome of the Original charges to the
Indictment of Aggravated Kidnapping and duplicity
charge of Sexual Assault, which resulted in acquittal.
Plaintiff, Files this Original Application for A Writ of

1 OF 9

Mandamus and Prohibition, Pursuant to Articles 11.05 [By whom writ may be Granted] 11.34 [Disobeying writ] 11.54 [Court may grant necessary Orders] 11.60 [Refusing to execute writ] of Tex. Code of Crim. Proc., Rule 21 writ of Mandamus or Prohibition of the Federal Rules of Appellate Procedure. the 1st, 4th, 5th, 6th, 8th, 13th, 14th, Amendments; Double Jeopardy ~ Ex Post Facto Clauses; the Convention Against Torture, the Universal Declaration of Human Rights, and Treaties. And in Support of Said writ Plaintiff would the Court the following:

Relator ~ Plaintiff

1.01. REYNALDO FLORES, T.D.C.J No. 1912036, Entrepre-neur, Philanthropist and Jailhouse Lawyer; who owned and operated his millwood company in Bexar County, Texas; Providing Welfare to Several Texans Families. Plaintiff, was Falsely accused by his insane wife in 2011 CR 1002 and 2012 CR 1969, with charges of Aggra-vated Kidnapping, the duplicity Charge of Sexual Assault and multi-duplicity charge of Family Violence. Plaintiff Proved in a malicious Application for Protective Order, in 2011 CI 03151 the Falsity of the allegations to the Indictment in 2011 CR 1002, however due to the Custo-mary cahoot between Trial Counsels, and Prosecutors Plaintiff was wrongfully Convicted to Serve two (2) Years of False imprisonment. Nevertheless; in advantage and knowledge of the Criminal Operations of the Bexar County Judicial System and Criminal Partners, targeting our immigrant community, entrepreneurs, non Citizens; Mr. FLORES, enrolled in their own devise, both State and trial Counsels, in a malicious Jury trial; infested with the Customary trickery~Scheme; False witnesses; False evidences; Concealment~Spoliation of Favorable evidences and pre-Selected bribed Jurors; Consequen-tly with the withholding evidences disclosed, the last day of Said Jury trial and confronted with the discrepances; Mr. FLORES, was acquitted for the allegation

of Aggravated Kidnapping and duplicity charge of Sexual Assault. See Exhibits A~F

In retaliation for the undeniable exculpatory evidences and acquittal, the trial court acting in cahoot with both trial and state Counsel; and taking advantage of the ignorant juror; Convicted Mr. FLORES. to serve 20 years of false imprisonment in 2012 CR 1969 for the alleged Class A misdemeanor Assault to the third Count, to the Indictment. based in the Concealment, of the Original Police Report and Affidavits which would prove that Mr. FLORES. and his 3 children are the real victims of Aggravated Kidnapping and International Terrorism (Mr. FLORES. is Jurisdictional Citizen of the U.S.) See Reporter's Record Volume 5 Pages 53-57. See also Clerk's Record Pages 167, 169 (the alleged victim states; I elbowed the Suspect as hard I could in the face. Police Report Page 5 of 9) 1 See; Blockburger v. U.S. 284 U.S. 299, 52 S. Ct. 180 (1932); U.S. V. Dixon, 509 U.S. 688, 113 S. Ct. 2849. (1993).

To determine whether the State is attempting to punish an accused twice for the same offense, the court must examine each of the Statutes to determine whether each requires proof of an additional element that the other does not. this is known as the Blockburger Test. the third Count to the Indictment is a clear double Jeopardy Conviction. See P.D.R. No. 1362-14. Double Jeopardy, may also be raised by Habeas Corpus. Ex Parte Ramos, 806 S.W. 2d 845 (Tx. Cr. App 1991). Since a Constitutional right is involved. Brown v. Ohio 432 U.S. 161, 97 S. Ct. 2221 (1977). The denial of the Writ can be appealed before the trial on the merits.

1. In Clerk's Record Page 167 (Concealed by the State) the alleged victim States "I put my arms around Mr. FLORES's neck in an attempt to get him pull over" While the vehicle is motion 60 MPH.

## Plaintiff as Pro-se Litigant

2.02 Due to the mockery to Mr. FLORES'S rights, and the malicious appointment of the Conspirator appellate counsel VINCENT D. CALLAHAN, who was acting in cahoot with the State, pursuant the holding in Faretta V. California, 422, U.S. 806, 95 S.Ct. 2525 (1975) Mr. FLORES, requested an emergency Hearing, in which successfully discharged the Conspirator Appellate Counsel, while the defendants DONNA K. McKINNEY, and CHRISTOPHER W. DEMARTINO, with knowledge that their Criminal Operations were being exposed; disobeyed a Court order to furnish Mr. FLORES, his Records furnishing 204 pages of medical Records of Mr. XAVIER D. ORTIZ and JOHN MASCITTI (two residents of T.D.C.J Alfred Unit) Sec; Appellants Brief Page 2. Mr. FLORES successfully filed both Appellants Brief and Reply to State's Brief, raising five reversible Constitutional Errors, pursuant to Rule 44.2, Tex.R. App. Proc.; Nevertheless the appointed fourth court of Appeals's Justice acting in cahoot with the Bexar County District Attorney concealed the Appellant's Reply to State's Brief, and with evil intent and deliberate indifference - Mockery for our MAGNA CARTA, in a series of false entries and wrong citation to the Record; rendered a MANDATE OPINION on September 12th, 2013. However Said Court of Appeals falsely entered to the official record June 15th, and June 25th, 2014, dates in which Plaintiff was being submitted to a series of Harassment Campaign, the Customary brutality against Pro se Litigants, and malicious transfers to the 4th Facility owned and operated by the Bexar County magistrates. Mr. FLORES, recently learned that the fourth Court of Appeals Justice never transmitted the alleged MANDATE OPINION on June 2014, therefore the dismissal of Plaintiff's Motion for Extension of Time, timely filed on October 3rd 2014 is supported by the tolling Provision, and P.D.R. as well. giving rise to a new Civil and Criminal Prosecution in Federal Court in U.S.D.C. NO. 2:14-CV-283 against the Fourth Court of Appeals' Justices; the defendants DEMARTINO, McKINNEY, among other 30 defendants.

the robbery and intentional defacing of plaintiff's mail in addition to the threatening to his family, friends, and clients are just part of said customary brutal practice and Modus operandi of the Bexar County Judicial System. See Exhibits G, H, I

## District Court's Duties

2.02 (a) State has 15 days after Service of Application for a Writ of Habeas Corpus to file answer. 11.07, Sec 3(b)

(b) Within 20 days ~~after Service~~ of the expiration of time for State to answer, it shall be the duty of the Convicting Court to decide whether there are controverted, previously unresolved facts material to the legality of the applicants confinement. 11.07, Sec. 3(c); 11.071, Sec. 8 (a)

(c) If Convicting court decides there are controverted, previously unresolved facts which are material to the legality of the applicant's confinement, it shall enter an order within 20 days of the expiration of the time allowed for the State to reply, designating the issues to be resolved. 11.07, Sec. 3(d), 11.071, Sec. 8(g), 9(a). Once this order is entered, the Trial Court should resolve the issues. McCree v. Hampton, 824 S.W. 2d 578 (Tr. Cr. App. 1992). See Subsection (d)(e)(F).

2.03 Regardless whether or not the Trial court resolve the material and undeniable plaintiff's kidnapping, the fact and evidence are that plaintiff is an International citizen, subsecting the defendants to extradition, without the benefit of Amnesty International, due to the severe and irreparable injuries inflicted against him, his 3 Biological children and the insane alleged victim who was threatened to testify against Mr. Flores, by the defendant DEMARTINO, with the full consent of the trial court, otherwise would face criminal prosecution and subsequent deportation.

2.04. The fact is that Plaintiff transmitted to the defendant DONNA K. McKINNEY. On December 05th 2014, a copy of the Application for a Writ of Habeas Corpus; Containing as Exhibit and Supporting Memorandum of Law the P.D.R. No 1362-14. More than 20 days has elapsed and the defendants are continuing their Mockery to Plaintiff's rights; with the evil intent to discourage him to Continuing his claim, while ordering their criminal partners in T.D.C.J. and San Antonio Parole Board to submit him to inquisitorial punishments and denying his Parole in Complete disregard for the Government Code §508.044, 508.048. and Ex Post Facto Clause. See 42 U.S.C. §§ 1981, 1983, 1985, (2)(3), 1986, 1988. 1960313. (3) [Conspiracy to obstruct justice, Terrorism within the U.S.]

2.05. The act Sought to be Compelled is ministerial not discretionary in nature. Tex. Code Crim. Proc. Art. 11.05 requires this writ may be granted by the Court of Criminal Appeals and is Supersede by Fed. Rule of Appellate Proc. Rule 21. WRIT OF MANDAMUS OR PROHIBITION any Judge of this Court of Criminal Appeals have power to issue a writ of Mandamus or writ of Prohibition. the record in this and several thousand of cases show that these defendants had Victimized an endless list of Humble Immigrants, mental ills, addicts, illiterate Citizens and their Orphan Children being traded as livestock in family Courts, evoking Simpathy in Faster families, with horrible Crimes never Committed, as the Plaintiff proved in Jury Trial, through his acquittals; for the fabricated charges of Aggravated Kidnapping and Sexual Assault However Mr. FLORES's children remain disappeared and his Insane Ex-Wife Committed to Prostitution. These issues being addressed in FLORES-V-T.D.C.J.ETAL U.S.D.C. NO. 2:14-CV-283.

2.06. To date, Plaintiff has received no response from the defendants regarding his Application for writ of Habeas Corpus; nor from his Civil and Criminal Prosecution

against the defendants, rather than the continuous harassment campaign, the robbery, and interception of his personal and legal mail and the continuous threatening to his family, friends and clients as confirmed on January 26th, 2014 at 8:45 P.M. in a pre-paid phone call in which a Material Witness, MIRNA CRUZ, and SANTOS, FLORES, clearly confessed to MR. FLORES how the Schemer defendant DEMARTINO and Criminal partners threatened them, and intercepted MR. FLORES's personal mail in order to obtain his draconian conviction and bonus by any mean of brutality.

## PRAYER FOR RELIEF

WHEREFORE PREMISES CONSIDERED, and the severe and irreparable injuries inflicted to MR. FLORES, his children and Our Society, plaintiff respectfully requests to this Honorable Court of Criminal Appeals of Texas the following

(1) Issue a Writ of Mandamus Under State Law, in order to release the plaintiff of his false imprisonment widely briefed in the 5 Points/grounds in both Appellant's Brief and Appellant's Reply to State Brief and P.D.R., ignored by this Court

(2) Issue a Writ of Prohibition, Compelling/Forbidding the defendants through a Permanent injunction,
  (a) the continuous harassment campaign against MR. FLORES, family, friends and clients.
  (b) Ordering the defendants and Criminal partners to stop the robbery of his personal~legal mail.
  (c) Ordering the defendants and Criminal partners to render the status of his children. See Fed R. Civ. Proc. Rule 65.

3. Plaintiff prays to this Court for an Order directing the defendants to transmit the Plaintiff a truly and correct copy of the alleged MANDATE OPINION rendered by the fourth Court of Appeals in two different dates on June 15th and June 25th 2014, with the proper Certificate of Service mailed to Plaintiff, in order to Corroborate the Falsity of Said MANDATE OPINION, and Flagrant Cahoot between the Bexar County District Attorney and Magistrate, who own and operate a profitable business of Human Trafficking, in clear Mockery for our MAGNA CARTA and Human dignity.

Submitted

By _____

REYNALDO FLORES    PRO-SE
T.D.C.J. No. 1912036
J.H. LAWYER / SENTINEL-REPORTER
OF HUMAN RIGHTS VIOLATIONS IN
TEXAS PRISONS.

Signed on this the 26th day of December 2014 at LA SALLE CNTY, TEXAS. U.S.A.

# CERTIFICATE OF SERVICE

I have read the foregoing Plaintiff's original application for a Writ of Mandamus and Prohibition and hereby verify-certify that the matters alleged therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct and was transmitted via U.S. Postal Service, first class to the Clerk "ABEL ACOSTA" of the Court of Criminal Appeals of Texas, P.O.Box 12308, Capitol Station, Austin TX 78711, with the proper complaint directed to the U.S. Attorney General ERICK H. HOLDER, pursuant to 28 U.S.C. § 1746.

Executed at Cotulla, La Salle City, Texas on this the 26th day of December 2014,

REYNALDO FLORES PRO-SE
T.D.CJ NO. 1912036
COTULLA UNIT
610 FM 624
COTULLA TX 78014

UNITED STATES DISTRICT COURT
WESTERN DISTRICT of TEXAS
SAN ANTONIO DIVISION

**FILED**

APR - 1 2013

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____DEPUTY CLERK

| | | |
|---|---|---|
| REYNALDO FLORES,<br># 961543,<br><br>Plaintiff<br><br>v.<br><br>SAN ANTONIO POLICE DEPARTMENT,<br>BEXAR COUNTY<br>  DISTRICT ATTORNEY OFFICE,<br>BEXAR COUNTY ADULT<br>  DETENTION CENTER,<br><br>Defendants | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action<br>No. SA-13-CA-152-XR |

## SHOW CAUSE ORDER

Before the Court is Plaintiff's 42 U.S.C. § 1983 civil rights complaint. Plaintiff is incarcerated in the Bexar County Adult Detention Center.

Plaintiff alleges the following. On December 29, 2011, Plaintiff was arrested without probable cause. He was charged with aggravated kidnaping and sexual assault. Police officers searched his dwelling and took one of his a vehicle, legal documents, construction equipment, and software information. Plaintiff contends the officers acted in complicity with the alleged victim to steal more than $1,250,000 in belongings from Plaintiff's dwelling and storage unit. Plaintiff contends the following police officers were involved in the arrest and in the search and seizure: Detective R. Vara, Detective Valadez R., Sergeant W. McCourt, Sgt. Porter, Officer David Berman, Officer B. Moen, and Officer M. Blanquis. Plaintiff asserts the charges were false. He claims the Bexar County District Attorney Office and Chris Martino acted in collusion with appointed counsel to try to coerce Plaintiff into pleading guilty for a 15-year sentence. He claims they knew he was innocent, but they withheld evidence favorable to him. Plaintiff asserts the District Attorney's Office

Defendant: REYNALDO FLORES
JN #: 1501454-1

**DEFENDANT'S COPY**

Address: ~~████████~~ SAN ANTONIO, TX

Complainant: Myra Rubio

CoDefendants:

Offense Code/Charge: 100110 - AGGRAVATED KIDNAPPING

FILED

____ O'CLOCK ____ M

MAR 0 1 2012

DONNA KAY McKINNEY
DISTRICT CLERK
BEXAR COUNTY, TEXAS

BY _____ DEPUTY

GJ: 548361          PH Court: 290

Court #: 290th          SID #:961543          Cause #:

Witness: State's Attorney

2012 CR - 1969

## TRUE BILL OF INDICTMENT

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS, the Grand Jury of Bexar County, State of Texas, duly organized, empanelled and sworn as such at the January term, A.D., 2012, of the 290th Judicial District Court of said County, in said Court, at said term, do present in and to said Court that in the County and State aforesaid, and anterior to the presentment of this indictment:

### Count I
#### Paragraph A

on or about the 23rd day of December, 2011, Reynaldo Flores did intentionally and knowingly abduct another person, namely: Mayra Rubio, with intent to inflict bodily injury on Mayra Rubio or with intent to violate or abuse Mayra Rubio sexually;

#### Paragraph B

on or about the 23rd day of December, 2011, Reynaldo Flores did intentionally and knowingly abduct another person, namely: Mayra Rubio, with intent to terrorize Mayra Rubio;

### Count II

~~on or about the 23rd day of December, 2011, Reynaldo Flores, hereinafter referred to as defendant, did~~ intentionally and knowingly cause the penetration of the female sexual organ of Mayra Rubio, hereinafter referred to as complainant, by the finger of the defendant, said act having been committed without the consent of the complainant, in that the defendant compelled the complainant to submit and participate by the use of physical force or violence;

### Count III

on or about the 23rd day of December, 2011, Reynaldo Flores, hereinafter referred to as defendant, did intentionally, knowingly and recklessly cause bodily injury to Mayra Rubio, a member of the defendant's family or household, hereinafter referred to as complainant, by striking the complainant with the hand of the defendant and by scratching the complainant with the hand of the defendant;

*all these charges were false as I proved in trial this is just one more creation of S.A.P.D. and (District Attorney)*

On Nov. 21st 2010 The Alleged Victim of Family Violence in Cahoot with Several Sexual Partners; Premeditatedly Vandalized - Burglarized. Mr. Flores Warehouses - Vehicles

cabinets -- the jobs, finishing the jobs, whatever they pay him from there, with that they were supposed to pay -- we were supposed to pay the rent and the amount to the workers.

And he was the one that wanted me to be in charge of the company, but I didn't have the means or the knowledge to do that.

Q. Isn't it true you actually profited over $15,000 while running his business?

MR. DEMARTINO: I'm going to object to relevance, Judge.

THE COURT: Sustained.

Q. (BY MR. EASTLAND) And while he was in custody, do you remember who claimed all three vehicles and all the equipment?

MR. DEMARTINO: Objection, relevance.

THE COURT: Overruled.

THE WITNESS: Well, the pickup was just a pickup that was still being owed to -- to the man and they still owed two months of payments on the truck.

And the tools, those were just a couple of tools that he would use in the cabinets. And I took them and I took them home.

MR. EASTLAND: No further questions, Your Honor.

Exhibit C

 

| THE STATE OF TEXAS | § | IN THE 290TH DISTRICT |
| | § | |
| VS. | § | COURT |
| | § | |
| REYNALDO FLORES | § | BEXAR COUNTY, TEXAS |
| | § | |
| STATE ID NO.: 8724279 | § | |

## JUDGMENT OF ACQUITTAL BY COURT

| Judge Presiding: | HON. MELISA C SKINNER | Date Judgment Entered: | 11-26-2012 |
| Attorney for State: | CHRISTOPHER WILLIAM DEMARTINO | Attorney for Defendant: | DOUGLAS J KAPPMEYER |
| Charged Offense: **Sexual Assault** | | Date of Acquittal 11-26-2012 | |
| Charging Instrument: _Count II OF THE INDICTMENT | | Statute for Offense: 22.011(A) PC | |
| Plea to Offense: NOT GUILTY | | Foreperson: **Jodee Gilmore** | |

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

This cause was called for trial in Bexar County, Texas. The State appeared by her District Attorney.

**Counsel / Waiver of Counsel (select one)**

☐ Defendant appeared in person with Counsel.

☐ Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

It appeared to the Court that Defendant was mentally competent and had pleaded as shown above to the charging instrument. Both parties announced ready for trial. Defendant waived the right of trial by jury and entered the plea indicated above. The Court received the plea and entered it of record. Having heard the evidence submitted, the Court FINDS Defendant NOT GUILTY of the charged offense.

The Court ORDERS, ADJUDGES, AND DECREES that Defendant is NOT GUILTY of the charged offense. The Court FURTHER ORDERS Defendant immediately discharged.

Signed and entered on this _____ day of _____ NOV 2 6 2012 _____ 20 _____

JUDGE PRESIDING
MELISA C SKINNER
290TH DISTRICT COURT
BEXAR COUNTY, TEXAS

Clerk: 32809

DC2012CR1969

# FIND A LAWYER

{ Back to Search Results }

OVERVIEW     CONTACT AND MAP



**Mr. George Albritton Eastland**

Bar Card Number:                          24050547

Work Address:                             921 S Saint Marys St Ste 2

                                          San Antonio, TX 78205-3452

Work Phone Number:                        210-227-9800

Primary Practice Location:                San Antonio , Texas

Current Member Status
Eligible To Practice In Te

{ CONTACT THIS LAWYEI
{ VISIT LAWYER WEBSITI

In cooperation with

## LICENSE INFORMATION

Bar Card Number:           24050547

Texas License Date:        11/04/2005

## PRACTICE INFORMATION

Firm:                      Law Office of Britt Eastland

Firm Size:                 Solo

Occupation:                Private Law Practice

Practice Areas:            Criminal

Services Provided:         Hearing impaired translation:  **Not Specified**

                           ADA-accessible client service:  **Not Specified**

                           Language translation:  **Not Specified**

Foreign Language           Spanish
Assistance:

## WEBSITE

www.britteastland.com

## COURTS OF ADMITTANCE

**Federal**

Texas Western District Court

**Other Courts**

None Reported By Attorney

## OTHER STATES LICENSED

None Reported By Attorney

*Appointed Counsel acted in cahoot with the State To secure a 129 years Conviction See RR-Vol. I of I pages 17-9*

*Exhibit K*

## LAW SCHOOLS

| Law School | Graduation Date | Degree Earned |
|---|---|---|
| St. Mary's University | 05/2005 | Doctor of Jurisprudence/Juris Doctor (J.D.) |

Against Mayra Rubio, used or attempted use of force you will find the defendant not guilty of felony assault. I'm making those corrections. Other than those corrections, does the State have any object to the charge?

MR. DEMARTINO: No objections, Your Honor.

THE COURT: All right. Now, the defense?

MR. EASTLAND: Yes, Your Honor. And before we make those formal objections I'd like to make a motion for directed verdict.

THE COURT: All right. And based on?

MR. EASTLAND: Based on that hardly a scintilla of evidence has been presented to convict Mr. Flores of these three charges.

THE COURT: Of each of the charges?

MR. EASTLAND: Of each of them.

THE COURT: And that will be "denied."

Now, did you have a request for the charge, and I will note for the record that the Court on its own has included, based on the defendant's testimony, unlawful restraint and necessity as a justification. Other than those additions to the charge, do you have any other request?

MR. EASTLAND: We have no objection to the unlawful restraint. We are formally objecting to the

Appointed Counsel Mr. Britt Eastland begging the Court to convict Mr. Flores

Exhibit F.

14-50061

Mr. Reynaldo Flores
#1912036, #961543
CID Garza West Transfer Facility
4250 Highway 202
Beeville, TX 78102-0000



```
            TDCJ - INSTITUTIONAL DIVISION
                OFFICIAL LAYIN PASS
                   ADMINISTRATIVE

  EFFECTIVE DATE: 05/29/2014
  FROM-TO TIME: 07:00-08:00
  START DATE: 05/29/2014 END DATE: 05/29/2014

  ADMIT: 01912036 FLORES,REYNALDO
   REASON:  7:00 MAILROOM   HOUSE: E4-049T

   JOB: JANITOR 1A                    07:30-15:30
   EDUC:


  COUNTROOM: AS

  TITLE: COUNTROOM
```



EXHIBIT G

# United States Court of Appeals
### FIFTH CIRCUIT
### OFFICE OF THE CLERK

LYLE W. CAYCE
CLERK

TEL. 504-310-7700
600 S. MAESTRI PLACE
NEW ORLEANS, LA 70130

May 06, 2014

Mr. Reynaldo Flores
#1912036, #961543
CID Garza West Transfer Facility
4250 Highway 202
Beeville, TX 78102-0000

No. 14-50061    Reynaldo Flores v. San Antonio Police
                Department, et al
                USDC No. 5:13-CV-2

Dear Mr. Flores,

The district court denied you in forma pauperis (IFP) status under 28 U.S.C. § 1915(a)(3) and FED R. APP. P. 24(a).  You have 30 days from the date of this letter to pay the full $505.00 fees to the **district court clerk**, or to challenge the district court's denial of IFP status. If you challenge the decision, you must apply to this court for IFP and include a brief supporting your position. Your brief may only discuss the reasons why you think the district court's denial of IFP was wrong.  If you do not pay the full fees or file a motion and brief with this court, we will dismiss your appeal without further notice, 5TH CIR. R. 42.3.

Sincerely,

LYLE W. CAYCE, Clerk

By: _____
Mary C. Stewart, Deputy Clerk
504-310-7694

# Benefit for 'S.A. 4' Slated for Saturday

**By Drew Joseph**
STAFF WRITER

Four San Antonio women who spent more than a decade in prison for a crime they say never happened are hosting a fundraiser Saturday where they hope to reconnect their supporters in the community.

The benefit, which runs from 11 a.m. to 4 p.m. at Pedro's Sports Garden, will help the women cover their expenses.

Anna Vasquez, one of the women who together have become known as the "San Antonio Four."

Vasquez, Elizabeth Ramirez, Cassandra Rivera and Kristie Mayhugh — all friends were convicted in the late 1990s after two of Ramirez's young nieces — then 7 and 9 accused the women of sexually assaulting them

at Ramirez's apartment.

Over several years problems with the original prosecution were revealed, ultimately leading to the release of Ramirez, Rivera and Mayhugh in November.

At the time, Vasquez had been out on parole for more than a year but had to live under tight restrictions for sex offenders.

As of November, all four women were released on bail, meaning many of the restrictions on Vasquez were lifted.

But the women continue to fight for full exoneration.

"All we've ever wanted is for our names to be cleared and for us to have our lives back," Vasquez said by phone Thursday.

Although Vasquez no longer is on parole, she has to go through a different, slower pro-

cess to be removed from the state's sex offender registry.

"Just because we're out and were able to fight this, we're still not free," she said.

The women all have jobs and Vasquez said that three others have been adjusting well in their first months out of prison.

All four lean on each other for support, she said.

Ramirez was sentenced in 1997 to 37 1/2 years in prison. The others went to prison three years later on 15 year sentences.

A 2010 San Antonio Express-News investigation delved into some of the conflicting and disputed evidence used against the women who have always maintained their innocence.

In 2012, the younger accuser recanted to the media and defense attorneys. The prosecu-

The case of Kristie Mayhugh (from left), Cassandra Rivera, Anna Vasquez, and Elizabeth Ramirez continues to work its way through the court system.

San Antonio Express-News / File photo

tion and defense have both determined that some key scientific evidence used against the women was flawed.

Their case continues to work through the court system, a process that could take years.

"It's in the courts — it's going to take time," Vasquez said. "I believe if we have the community behind us in San Antonio, that's exactly what we need."

*djoseph@express-news.net*

## Teen accused of shooting at officer

Authorities arrested a teen

## Woman killed in hit-and-run ID'd

The woman killed in a hit-and-run Saturday on the East Side has been identified as Ly-

uninjured.

Chevayae Johnson was hospitalized in critical condition with a self-inflicted gunshot wound to the head. Beard says the 23-year-old suspect has

miles away when it wrecked.

Aguilar-Melgor of Houston is scheduled to be sentenced in October and faces up to 20 years in prison.

*From staff and wire reports*

took his .41-caliber revolver and shot him twice in the head and twice in the back, Burkhart relayed.

A medical examiner's report noted that any one of the gunshots would have been fatal.

Contractors discovered Permenter's body the next morning by following a trail of blood that started in the middle of the dirt road and ended about 30 feet away under a fir tree. He had on underwear, sandals and a T-shirt with gunshot holes that was pulled over his head, court documents state.

Burkhart said Harper said he removed the man's clothing because he heard on TV that was a trademark of Mexican Mafia hits, and he hoped it would deflect attention from him.

Harper was arrested and charged with murder but posted bail prior to trial. He failed to appear in court in December 1998, and it wasn't until 12 years later authorities found out where he had been.

"He took a child to register as his own child, and (Brazilian) authorities found out he was a fugitive because he lacked documentation," Herberg explained.

*mcasady@express-news.net*

# DEFENDER

*From page A3*

After that, the county started to think about expanding the public defender's office. No chief was ever hired.

Bexar County is currently seeking a $200,000 grant from the Texas Indigent Defense Commission, or TIDC, to provide two public defenders to handle criminal cases and another for mental health cases. A decision is expected next Friday.

Meanwhile, an oversight committee in Bexar County will meet next week and discuss, among other items, a job description for the chief. That person will then be hired by the county manager.

In addition to grants, the TIDC gives counties some money to help them fulfill their constitutional requirement to de-




**Mitchell**     **Ellis**

fend those who can't pay for an attorney and, in 2001, was given authority over indigent defense systems in Texas when state Sen. Rodney Ellis, D-Houston, pushed forward the Fair Defense Act.

But Ellis admits the bill, passed with bipartisan support, lacks teeth — and penalties for breaking the law.

"We passed a pretty good bill, but I didn't want to get the bill vetoed, so I worked across the aisle," Ellis said. "If I'd put the regulation in there, it wouldn't have passed."

The system instead provides a "carrot-and-stick" approach. If counties aren't complying with the law, TIDC could reject their grant requests.

Moore, now in private practice, said she hopes TIDC will start to enforce the law.

"I don't think Bexar County should receive another dime of taxpayer dollars from the commission until they are in compliance with the law," she said.

According to Wesley Shackelford, deputy director and special counsel for TIDC, grant applications are typically reviewed by a group that does not necessarily know the ins and outs of each county's systems.

With about two dozen public defender offices in the state, the issue of a lack of a chief hasn't been addressed by the board, he said.

"Ordinarily, this wouldn't come up" in the application

process, Shackelford said. "But because of past involvement, I think that we probably will have a staff report on what's transpired at our next board meeting."

Robert Featherston, president of the San Antonio Criminal Defense Lawyers Association, said if Bexar County does not soon hire a chief, his organization could bring the issue to the state attorney general's office or to the Public Integrity Unit, a state-funded division of the Travis County district attorney's office.

"What they're doing is against the law, and we won't support that," Featherston said. "But we will support a chief public defender, and we will do whatever we can to help make that program work."

*emoravec@express-news.net*
*Twitter: @EvaRuth*

Exhibit I